UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARNER, | No. 2:20-cv-02143 DB P |
| Petitioner, | |
| v. | ORDER |
| RALPH DIAZ, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction in Sacramento County Superior Court. Before the court is petitioner's motion for stay and abeyance. (ECF No. 8.) For the reasons stated below, the court will deny petitioner motion without prejudice.

**MOTION FOR STAY AND ABEYANCE**

Petitioner requests that the court stay the present action for purposes of exhaustion. (Id. at 1.) This request is made pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (Id.)

Under Rhines, a district court may stay a mixed habeas petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that

1

this option "should be available only in limited circumstances." Id. at 277. For purposes of a stay under Rhines, whether the petitioner has good cause for his failure to exhaust "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). A stay granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. 544 U.S. at 277-78.

Petitioner's request states simply that he requests a stay while he seeks to exhaust his claims in state court. (ECF No. 8 at 1.) Petitioner has not include in his motion any explanation for the failure to exhaust his claims in state court prior to bringing the present action. (See Id.) As such, petitioner's motion does not establish good cause for his failure to exhaust. Blake, 745 F.3d at 982. Accordingly, petitioner's motion for stay will be denied without prejudice to its renewal. In any subsequent motion for stay and abeyance of this action under Rhines, petitioner must ensure that the requirements for such a stay, as briefly summarized above, are met and established in the petitioner's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's motion for stay (ECF No. 8) is denied without prejudice.

DATED: November 1, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/garn2143.denystay